Jonathan C. Sandler (SBN 227532)
BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, California 90067-3217
Telephone: (310) 564-8672
Email: jsandler@bhfs.com

*Attorney for Nelnet, Inc.*

**FILED & ENTERED**

**JAN 11 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY penning    DEPUTY CLERK**

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MELODY SHABPAREH<br><br>Debtor. | Case No. 2:18-bk-15217-RK<br><br>Chapter 7<br><br>Adv. No. 2:18-ap-01253-RK |
| MELODY SHABPAREH,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF PHOENIX, INC., an Arizona corporation; NELNET EDUCATION LOAN NETWORK, A NEBRASKA COMPANY D/B/A NELNET, INC./DEPARTMENT OF EDUCATION and DOES 1 THROUGH 50;<br><br>Defendants. | **ORDER GRANTING NELNET'S MOTION TO VACATE DEFAULT**<br><br>Date:    January 8, 2019<br>Time:   2:30 p.m.<br>Ctrm:   1675<br>Judge:  Hon. Robert N. Kwan |

Defendant NELNET, INC.'s ("Nelnet"), Motion to Vacate the Default Judgment Pursuant to Rules 60(b)(4) and (6) of the Federal Rules of Civil Procedure ("Motion to Vacate Default") came before the Court for hearing on January 8, 2019 upon duly noticed motion, for the reasons

18553612.3

stated on the record at the hearing and in the court's tentative ruling posted online on the court's website before the hearing (copy of text of tentative ruling is attached).

IT IS HEREBY ORDERED:

1. Nelnet's Motion to Vacate Default is granted and the default in this case is vacated.

2. Nelnet has 30 days from the date of entry of this Order to file a response to the complaint. If an amended complaint is filed, Nelnet shall have the statutory 14 days to respond following service.

###

Date: January 11, 2019

_____
Robert Kwan
United States Bankruptcy Judge

18553612.3

2

ATTACHMENT - TEXT OF TENTATIVE RULING ON MOTION

Defendant Nelnet moves to vacate default judgment pursuant to Federal Rules of Civil Procedure 55 and 60.  However, only Rule 55 is applicable since only default, and not default judgment, has been entered.  In order to set aside default on the ground of "good cause" under Federal Rule of Bankruptcy Procedure 55, making Federal Rule of Civil Procedure 55(c) applicable to this adversary proceeding, defendant must show good cause that his neglect in not responding to the complaint timely was excusable based on all the relevant circumstances, including whether there would be prejudice to the nondefaulting party, whether the defaulting party has a meritorious defense and whether the defaulting party has engaged in culpable conduct.  1 O'Connell, Stevenson and Phillips, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial,* ¶6:139 – 6:142 at 6-40 –   6-42 (2018), *citing inter alia, Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.,* 375 F.3d 922, 925-927 (9th Cir. 2004).  While Nelnet's conduct in not responding to the complaint timely was culpable due to its negligence in handling its mail internally, having received the summons and complaint with sufficient time to respond, the other two factors outweigh the culpability factor to warrant relief.  First, Nelnet appears to have a meritorious defense in that it is only the servicer of the loan and not the holder of the beneficial interest, and thus, any relief granted to plaintiff as to Nelnet is ineffective in discharging the loan debt.  Second, there is no prejudice to plaintiff in granting relief because if Nelnet is right about it only being the servicer, any judgment obtained by plaintiff against it is worthless and void because it is not the holder of the beneficial interest in the loan.  Thus, it would make sense to allow Nelnet to defend and test its defense of lack of interest in the loan, so that plaintiff can sue the proper party defendant, which appears to be the Department of Education as alleged by Nelnet.  Appearances are required on 1/8/19, but counsel may appear by telephone.

18553612.3

3